UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

UNITED STATES OF AMERICA,

v.                                                                   Case # 19-CR-6156-FPG

RICARDO CASADO,                                          DECISION AND ORDER

                              Defendant.
─────────────────────────────────

## INTRODUCTION

On June 19, 2020, *pro se* Defendant Ricardo Casado filed a "Motion for Sentence Reduction for First Step Act and 2nd Chance Act or Home Confinement Due to Covid 19 Crisis." ECF No. 77. For the following reasons, Defendant's motion is DENIED WITH PREJUDICE in part and DENIED WITHOUT PREJUDICE in part.

## DISCUSSION

**I.     Home Confinement/Halfway House**

   **A.  The Second Chance Act**

Defendant seeks release to home confinement or a halfway house under the Second Chance Act. The Second Chance Act of 2007, Pub. L. No. 110-119, 122 Stat. 657 (2008), established a pilot program to evaluate early release to home confinement or a Residential Reentry Center ("RRC") (also known as a halfway house) for prisoners who met certain criteria. *See United States v. Resnick*, No. 14-CR-810 (CM), 2020 WL 1651508, at *3-4 (S.D.N.Y. Apr. 2, 2020); *see also Owusu-Sakyi v. Terrell*, No. 10-CV-507 KAM, 2010 WL 3154833, at *2 (E.D.N.Y. Aug. 9, 2010). The First Step Act reauthorized and expanded this program. *Resnick*, 2020 WL 1651508, at *3. However, the "Second Chance Act does not apply to the court but is, instead, administered by the Bureau of Prisons [("BOP")]." *United States v. Brisson*, No. 5:13-CR-34, 2015 WL 62772, at *4 (D. Vt. Jan. 5, 2015); *see also United States v. Accardi*, No. 11-CR-12 RMB, 2013 WL 1903559,

at *1 (S.D.N.Y. May 7, 2013) ("Transfer of an inmate to [an RRC] prior to release may be governed by the Second Chance Act of 2007 but the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC.") (citation and internal quotation marks omitted).  Accordingly, this Court lacks the authority under the Second Chance Act to order Defendant's transfer to home confinement or a halfway house for the duration of his sentence.

### B.  The CARES Act

Although Defendant does not expressly invoke the CARES Act, he does seek release based on the COVID-19 pandemic.  In response to COVID-19, Congress enacted the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), which expanded the authority of the BOP to transfer inmates to home confinement under certain conditions.  *Id.* at § 12003(b)(2), 134 Stat. at 516; *see also United States v. Ogarro*, No. 18-CR-373, 2020 WL 1876300, at *5 (S.D.N.Y. Apr. 14, 2020) (discussing BOP's authority to place inmates in home confinement under the CARES Act).  Thus, the Court considers Defendant's request for transfer under the CARES Act.

The power to grant home confinement under the CARES Act is vested "exclusively within the discretion of the BOP."  *Ogarro*, 2020 WL 1876300, at *6; *United States v. Brady*, No. 18-CR-316, 2020 WL 2512100, at *2 n.2 (S.D.N.Y. May 15, 2020) ("[T]he CARES Act vest[s] the needed authority in the BOP to place Brady in home confinement until the threat of COVID-19 abates.").  The Court thus lacks authority to grant home confinement under the CARES Act.

## II.     Compassionate Release

Defendant also does not explicitly request compassionate release, but given the Court's obligation to construe *pro se* submissions liberally, the Court treats his motion as one for compassionate release.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (quotation, citation, and internal brackets omitted). 18 U.S.C. § 3582(c)(1)(A) "provides one such statutory exception, often referred to as 'compassionate release.'" *Id.* Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if a defendant can show that (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant a reduction; (3) he is not a danger to the community; and (4) a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *Id.* at *2.

### A. Exhaustion

As to the first requirement, exhaustion, a prisoner may only seek compassionate release in a federal district court if (1) he or she has first requested release from the BOP and then "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (2) thirty days have elapsed since the warden of the prisoner's facility received such a request. *Id.* § 3582(c)(1)(A); *see also United States v. Iosifidis*, No. 13-CR-170, 2016 WL 3267329, at *2 (S.D.N.Y. June 9, 2016); *United States v. Montanez*, No. 15-CR-122, 2020 WL 2183093, at *2-11 (W.D.N.Y. May 5, 2020).

Here, Defendant does not say whether he asked his prison warden for release. Although some courts have excused compliance with Section 3582(c)(1)(A)'s exhaustion requirement in light of the pandemic, *see United States v. Wen*, No. 6:17-CR-06173 EAW, 2020 WL 1845104, at *4 (W.D.N.Y. Apr. 13, 2020) (noting that "[c]ourts within this Circuit are split as to whether the exhaustion requirement of § 3582(c)(1)(A) may be excused under the circumstances presented by the COVID-19 pandemic"), this Court remains unpersuaded that it has such authority for the reasons discussed in *Montanez*, 2020 WL 2183093, at *2-11.

Because Defendant has not shown exhaustion, the Court declines to consider the remaining three 18 U.S.C. § 3582(c)(1)(A)(i) elements.

## CONCLUSION

For the reasons stated, Defendant's motion, ECF No. 77, for transfer to home confinement or a halfway house is DENIED WITH PREJUDICE. To the extent that his motion seeks compassionate release, it is DENIED WITHOUT PREJUDICE. Defendant may refile a motion for compassionate release once he satisfies the exhaustion requirements described above.

IT IS SO ORDERED.

Dated: June 22, 2020
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court